UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| DONNA D. LADKA, | CASE NO. _____ |
| PLAINTIFF | 2:17-cv-164 |
| v. | |
| GIFFORD MEDICAL CENTER, INC., | |
| DEFENDANT | |

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

### COMPLAINT AND JURY DEMAND

PLAINTIFF files the following claims and allegations against defendant for retaliation against her for reporting defendant's sexual harassment in violation of the Title VII of the U. S. Civil Rights Act of 1964 (42 U.S.C. §2000e-2(a), *et seq.*), as amended ("Title VII"), and retaliation for plaintiff's reporting defendant's improper quality of patient care under the Vermont Healthcare Whistleblower Protection Act, 21 V.S.A. §507, *et seq* ("Vermont Act"); she demands the relief and remedies as follows:

1. Plaintiff is a resident of White River Junction in Windsor County, Vermont.

2. Defendant is an incorporated "Critical Access Hospital," licensed by the State of Vermont, under 18 V.S.A. § 1902, located in Randolph Town in Windsor County, Vermont.

3. Plaintiff is a Medical Assistant trained and experienced in many aspects of medical clinical operations, administration and patient treatment.

4. Defendant employed plaintiff as a Medical Assistant Nurse for fifteen years, most recently as Clinical Manager/Medical Assistant, from July 2010 until July 2015.

5. In May 2014 plaintiff filed a complaint with the U. S. Equal Employment Opportunity Commission ("EEOC") alleging and protesting sex discrimination/retaliation based upon her supervisor's sexually inappropriate behavior, his deficient patient care and defendant's retaliation against her for reporting her supervisor to the State of Vermont and cooperating with the state's investigation into her supervisor's conduct.

6. Plaintiff's supervisor was Richard Graham, a medical doctor specializing in urological medicine.

7. As defendant's employee, Dr. Graham engaged in sexually inappropriate behavior, witnessed by several employees, including frequently viewing pornography on defendant's computers and displaying erotic literature in his office.

8. Plaintiff also protested defendant's sporadically deficient patient care, including conduct she believed were unethical and dangerous based upon standard, accepted and prescribed medical practices as well as defendant's policies and procedures.

9. Examples of the deficient patient care and practices include defendant's continued use of paper charts/medical records for patient care, permitting Dr. Graham to remove the paper charts from defendant's facility, sometimes keeping them for months without completing patient care notes in a timely manner, causing patients' charts to be incomplete, incorrect, and often signed without appropriate edits – all threatening patient care and safety.

10. Other examples of deficient patient care and practices include Dr. Graham's frequently abrupt and limited patient consultations, leaving patients confused about their treatment, procedures and medications.

11. Dr. Graham frequently distributed sample medications without care in limiting or tracking the distributions, sometimes to patients with mental conditions.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

2 of 6

12. Dr. Graham performed a surgical procedure while on a telephone conference call with an ear bud in one ear; after the procedure, he departed the procedure room without any consultation with the patient, who was left uninformed about the results of the procedure.

13. The conduct enumerated here, and other similar acts, constituted improper quality of patient care.

14. Plaintiff informed defendant that she was participating in the state investigation, then concentrating on Dr. Graham's compromised patient safety and care and his sexually inappropriate behavior.

15. After plaintiff's reports to defendant about Dr. Graham's sexually inappropriate behavior, defendant began retaliating against plaintiff for her internal reports and her EEOC complaint.

16. Subsequently, Dr. Graham refused to speak to her despite his role as her supervisor.

17. Defendant restricted plaintiff from advising Dr. Graham about surgical procedures and required that she strictly follow his instructions.

18. Following plaintiff's report to defendant about Dr. Graham's sexually inappropriate behavior, defendant relegated plaintiff to secretarial work, no longer performing as a medical assistant.

19. After plaintiff filed the EEOC complaint and cooperated with the state investigation, defendant also began retaliating against her by alleging mistakes in patient care and/or deficient patient care.

20. In addition to a negative evaluation, defendant issued several "warnings" about plaintiff's professional services.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

3 of 6

21. Plaintiff's rebuttal to the negative events demonstrated they were unwarranted and erroneous.

22. Prior to defendant's retaliation against her, plaintiff's clinical evaluations were positive and complimentary of her acumen as a medical care provider.

23. But, in May 2015, defendant's annual evaluation of plaintiff described her as "struggling" as a practitioner and indicated her patient/customer service "needs improvement."

24. In July 2015, defendant fired plaintiff, accusing her of violating the Health Insurance Portability and Accountability Act ("HIPAA").

25. Defendant's HIPAA accusations against plaintiff were false.

26. Considerable staff turmoil resulted from plaintiff's dismissal and related events.

27. Several employees resigned because of the turmoil and defendant's failure to correct practices that resulted in improper patient care and procedures.

28. The EEOC granted plaintiff a Right to Sue Letter on claim of sexual harassment/discrimination on June 8, 2017.

**COUNT ONE:**
**RETALIATION FOR REPORTING SEXUAL HARASSMENT**
**(TITLE VII VIOLATION)**

29. Plaintiff incorporates paragraphs 1-28 into this claim.

30. Title VII prohibits covered employers from retaliating against an employee or applicant who (1) opposes any practice made an unlawful employment practice by Title VII, (2) makes a charge, testifies, assists or participates in any manner in an investigation, proceeding or hearing under Title VII.

31. Under the law, although harassment is a form of discrimination, a discrimination claim, *per se*, is not a prerequisite to a harassment claim.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

4 of 6

32. Plaintiff opposed defendant's sexual harassment of plaintiff and other employees.

33. Plaintiff also opposed defendant's tolerance of Dr. Graham's sexual harassment of her and other employees.

34. Plaintiff made a charge, assisted and participated in internal and EEOC investigations under Title VII.

35. Plaintiff's protests, complaints and cooperation with internal and EEOC investigations were protected activity under Title VII.

36. Defendant was aware of plaintiff's protected activity.

37. Defendant's dismissal of plaintiff was an adverse employment action under Title VII.

38. There was a causal connection between plaintiff's protests, complaints and cooperation with internal and EEOC investigations and defendant's retaliation and dismissal of plaintiff.

39. Defendant's actions violated Title VII.

40. For defendant's violations of Title VII, plaintiff demands judgment against defendant.

41. Plaintiff also demands an award of monetary damages including actual damages of back pay, front pay and other compensatory damages including lost benefits and retirement funds and earnings, liquidated and nominal damages, as appropriate, punitive damages, and reasonable attorney's fees and costs of action.

### COUNT TWO:
### ILLEGAL RETALIATION
### FOR REPORTING IMPROPER QUALITY OF PATIENT CARE
### (VERMONT HEALTHCARE WHISTLEBLOWER STATUTE VIOLATION)

42. Plaintiff incorporates paragraphs 1-41 into this claim.

43. The Vermont Act prohibits retaliation against any employee of a hospital for disclosing or threatening to disclose to any person or entity any activity, policy, practice,

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

5 of 6

procedure, action or failure to act of the employer or agent of the employer that the employee reasonably believes constitutes improper quality of patient care.

44. Plaintiff reasonably believed defendant's actions constituted improper quality of care.

45. Plaintiff objected to, reported and disclosed to defendant and to the State of Vermont the behavior she reasonably believed constituted defendant's improper quality of care.

46. Defendant fired plaintiff because of her internal and public agency disclosures of defendant's behavior that she reasonably believed constituted defendant's improper quality of care.

47. Plaintiff demands judgment against defendant for its illegal retaliation against her.

48. Plaintiff also demands an award of back pay, lost wages, benefits and other remuneration, compensatory and punitive damages, attorney's fees and costs and any other appropriate relief including nominal and liquidated damages.

**NOTICE:  *PLAINTIFF DEMANDS A JURY TRIAL*.**

DATED:____09/05/2017_____.              **DONNA D. LADKA,**
                                         **PLAINTIFF**

By: _____
Norman E. Watts, Esq.
Watts Law Firm PC
Plaintiff's Counsel

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

6 of 6